IN THE UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF MARYLAND, NORTHERN DIVISION

                              *
DUANE SCHWEITZER,
                              *
     Plaintiff,
                              *
          v.                      CIVIL NO.: WDQ-07-1983
                              *
CANNONDALE CORPORATION,
                              *
     Defendant.
                              *

*    *    *    *    *    *    *    *    *    *    *    *    *

MEMORANDUM OPINION

     Duane Schweitzer sued Cannondale Corporation ("Cannondale")
for negligence and strict liability.  Pending is Schweitzer's
motion to remand.  For the following reasons, Schweitzer's motion
will be denied.

I.   Background

     On July 10, 1999 Schweitzer was injured while operating a
Cannondale SuperV2000 bicycle designed and sold by Cannondale.
Compl. ¶¶ 2-3.  Schweitzer sued Cannondale on July 26, 2002 in
Baltimore City Circuit Court seeking damages of $74,000.  On
February 3, 2003, the United States Bankruptcy Court for the
District of Connecticut placed Cannondale in Chapter 11
bankruptcy which automatically stayed the civil proceeding.  *See*
11 U.S.C. § 362(a) (2006).  On March 21, 2003, the circuit court
ordered the case stayed.  Paper No. 6.

     On May 17, 2007, the bankruptcy court lifted the stay.  On

1

June 4, 2007, Schweitzer filed a "Motion to Amend the Addendum
Clause of the Complaint" which increased the addendum from
$74,000 to $300,000.  Paper No. 13.  Schweitzer then filed a
notice of lifting of the bankruptcy stay on June 5, 2007 and
sought a new scheduling order.  Paper No. 12.  On July 14, 2007,
the circuit court lifted the stay, and on July 23, 2007,
Cannondale removed the case to the United States District Court
for the District of Maryland claiming diversity jurisdiction
under 28 U.S.C. § 1332 because the amount in controversy exceeded
$75,000.  Paper No. 1.

II.  Analysis

     Schweitzer contends that the case should be remanded to
circuit court because Cannondale's notice of removal was
untimely.  Schweitzer argues that the time for Cannondale to file
its notice of removal began on June 4, 2007, when Cannondale was
able to ascertain the damages claimed.  Pl.'s Supp. Mem. ¶ 8.
Cannondale counters that its notice of removal was timely because
it could not take action in the case until the circuit court
lifted the stay.  Cannondale asserts that any removal attempt
before July 14, 2007 would have been premature.

     Cannondale's notice of removal was timely.  A defendant has
30 days to file a notice of removal, starting from the date the
defendant receives the complaint or from the date "it may first
be ascertained that the case is one which is or has become

2

removable." 28 U.S.C. § 1446(b) (2006); *see also Lovern v. Gen. Motors Corp.*, 121 F.3d 160, 162 (4th Cir. 1997). There was no removal jurisdiction until June 4, 2007, when Schweitzer amended the complaint and increased the amount in controversy to $300,000. The case was stayed pending the outcome of Cannondale's bankruptcy proceedings; therefore, the 30-day period for filing a notice of removal did not begin until the stay was lifted on July 14, 2007. Since Cannondale timely filed its notice of removal on July 25, 2007, Scheweitzer's motion to remand will be denied.

III. Conclusion

For the stated reasons, Schweitzer's motion will be denied.


<u>October 10, 2007</u>                    <u>            /s/            </u>
Date                             William D. Quarles, Jr.
                                 United States District Judge

3